The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, AR 72601-2309
Dear Representative Milum:
You have presented the following questions for my opinion:
 (1) If a county owned facility is leased by a county judge to a private entity, does the administrative board that is established to oversee it have any legal input into the lease terms?
 (2) If the terms of the lease have been amended by a county court order to direct lease payments to be made to the treasurer of the administrative board rather than to the county treasurer, can that county court order be overridden by ordinance? Can any county court order be overridden by ordinance?
 (3) If lease payments are county revenues, does the authority of the administrative board with regard to the disposition of such revenues supersede the statutory authority of the depository board, pursuant to A.C.A. § 19-8-106?
 (4) If a member of the administrative board is also a board member of a bank in which funds, under control of the administrative board, have been deposited, would that be considered a conflict of interest?
RESPONSE
Question 1 — If a county owned facility is leased by a county judge to a private entity, does the administrative board that is established to oversee it have any legal input into the lease terms?
It is my opinion that the answer to this question will turn largely on certain specific facts about the situation that have not been presented to me. In addressing the question, I will assume that the board in question was created pursuant to the provisions of A.C.A. § 14-14-705, which is the general statutory authority for the creation of administrative boards by counties. If this assumption is correct, the board's authority will be governed by the provisions of A.C.A. §14-14-705, which states in pertinent part:
 A county quorum court, by ordinance, may establish county advisory or administrative boards for the conduct of county affairs.
* * *
 (2) ADMINISTRATIVE BOARDS. (A) Administrative boards may be established to exercise administrative powers granted by county ordinance, except that the board may not be authorized to pledge the credit of the county. The administrative board shall be a body politic and corporate, with power to contract and be contracted with and sue and be sued. As to actions of tort, the board shall be considered as an agency of the county government and occupy the same status as a county. No board member shall be liable in court individually for an act performed by him as a board member unless the damages caused thereby were the results of the board member's malicious acts.
A.C.A. § 14-14-705(2)(A).
Under the unambiguous language of the above-quoted statute, administrative boards have the "power to contract." The power to contract necessarily entails the power to negotiate the terms of a contract. However, you have not indicated whether the lease contract in question was already finalized before the creation of the administrative board. If so, the board will be bound by the terms of that contract, unless such terms can be lawfully re-negotiated.
Another factor that will bear upon the answer to this question is the language of the ordinance by which the administrative board was created. The precise purpose for which the board was created must be considered in determining whether the board will have the authority to provide input into the terms of the lease. If the ordinance states that the board was created for the purpose of administering an already-existing lease, the board's authority to change those lease terms may be more restricted than if the ordinance stated that the board was created to negotiate the lease from the outset.
In addition, if the board in question is one that is governed by another specific statute (in addition to being subject to the general requirements of A.C.A. § 14-14-705), the provisions of that statute may bear upon this question and must therefore be reviewed.
All of the foregoing factors must be considered in determining the extent of the board's authority with regard to the terms of the lease.
Question 2 — If the terms of the lease have been amended by a countycourt order to direct lease payments to be made to the treasurer of theadministrative board rather than to the county treasurer, can that countycourt order be overridden by ordinance? Can any county court order beoverridden by ordinance?
I cannot answer this question in the abstract. In order for me to answer the question adequately, it would be necessary for me to know more specific information about the lease terms, the ordinance by which the board was created, the county court order, the circumstances that gave rise to that order, and any additional statutes to which the board is subject. Situations can exist in which a quorum court can legitimately enact an ordinance that changes the effect of a county court order, by altering or removing the factual basis of that order. However, under the principle of separation of powers that is applicable to county government, the quorum court, as the legislative branch of county government, does not have the authority simply to overrule an order of the county court, which is the judicial branch. See A.C.A. §14-14-502(c). In order to determine whether the quorum court acted appropriately, it will be necessary to consider the specific factual circumstances surrounding the quorum court's action.
Question 3 — If lease payments are county revenues, does the authority ofthe administrative board with regard to the disposition of such revenuessupersede the statutory authority of the depository board, pursuant toA.C.A. § 19-8-106?
It is my opinion that an administrative board's authority under A.C.A. §14-14-705 concerning the deposit of revenues does not supersede the authority of the depository board that is created pursuant to A.C.A. §19-8-106.[1] (I note that your question refers to the "disposition" of revenues. I will assume that you are referring to the deposit of revenues, since your question focuses upon the comparative authority of the depository board, which is limited to decisions concerning thedeposit of funds.) Any revenues generated by the lease you have described (or by any other matter overseen by an administrative board) are county revenues. This is so because any matter overseen by an administrative board is a county matter, and the administrative board's authority to oversee that matter is derived from the county, pursuant to state law. The statute authorizing administrative boards and stating their powers does not authorize such boards to have control over the deposit of revenues that are generated as a result of the matters they administer. Indeed, that statute does not even mention the deposit of such funds.[2]
The deposit of county revenues is, however, specifically addressed and governed by the statute that directs the creation of depository boards (A.C.A. § 19-8-106). That statute states in pertinent part:
 (a)(1) The quorum court of each of the several counties shall by ordinance establish a county depository board. The county depository board is to be composed of the county judge, the county treasurer and county collector, or the sheriff when acting as ex officio tax collector, or those officials performing the duties of the above officials where an elective county office has been changed in accordance with Arkansas Constitution, Amendment 55.
 (2) The board shall designate depositories and supervise the depositing of all county funds and all other public funds held by the county treasurer, except funds of a school district, and shall also designate depositories and supervise the depositing of all funds collected and held by the county collector.
 (3) The board may also require county officials to settle with the county treasurer more frequently than required by Arkansas law.
* * *
A.C.A. § 19-8-106(a).
The above-quoted statute not only grants depository boards the authority to make decisions concerning the deposit of county revenues, it alsorequires that such boards be created. In addition, I find significant the fact that this statute states certain exceptions. That is, it identifies certain bodies that are authorized to make deposit decisions rather than the depository board. County administrative boards are not among those bodies that are identified.
For these reasons, the authority to make deposit decisions cannot be implied or inferred for county administrative boards created under A.C.A. § 14-14-705 where such authority is not specifically granted (e.g., by another specifically applicable statute), particularly where this authority is specifically granted to another entity.
Accordingly, I must conclude that the authority of county administrative boards created under A.C.A. § 14-14-705 does not supersede the authority of the depository boards that are created pursuant to A.C.A. § 18-5-106. (I reiterate that because I do not know what the particular board is that is the subject of your question, I do not know whether other statutes may grant this specific authority.)
Question 4 — If a member of the administrative board is also a boardmember of a bank in which funds, under control of the administrativeboard, have been deposited, would that be considered a conflict ofinterest?
It is my opinion that although the answer to this question will turn largely on the facts of the specific case, the situation described by this question does give rise to concerns about conflicts of interest. Moreover (and more importantly), this situation could (depending upon the facts) be deemed to constitute a violation of A.C.A. § 14-14-705(2)(B), which states:
 (B) No member of any administrative board shall be interested, either directly or indirectly, in any contract made with the administrative board. A violation of this subdivision shall be deemed a felony.
A.C.A. § 14-14-705(2)(B).
The above-quoted statutory language is clear and unequivocal. Board members are not to have any interest, direct or indirect, in any contract made with the board. The statute makes no exceptions to this prohibition, and violation is a felony.
The operative question, of course, will be whether the board member in question has an "interest" in deposits made at his bank. The term "interest" is not defined in this statute. Other factual situations may provide guidance, however. One of my predecessors addressed a situation similar to the one that you have described, and opined that a quorum court's deposit of county money in banks at which two quorum court members were officers would be a violation of a similar statutory provision applicable to county officers (Ark. Stat. Ann. § 17-4208, now A.C.A. § 14-14-1202(c)(1)(A).) See Op. Att'y Gen. No. 86-2. Similarly, it was opined that deposits by the board of an educational institution in a bank on whose board one of the institution's board members served constituted a conflict of interest in violation of Act 570 of 1979 (now codified at A.C.A. § 21-8-304, prohibiting the use of public position to secure special privileges). See Op. Att'y Gen. No. 83-133. In Warren v.Reed, 231 Ark. 714, 331 S.W.2d 847 (1960), the Arkansas Supreme Court held that a hospital board's contract for laundry services with a board member was invalid as against public policy.
These precedents, as well as the unequivocal language of A.C.A. §14-14-705(2)(B), appear to indicate that the situation you have described could, depending upon the specific facts, be deemed problematic under the law. Accord, Op. Att'y Gen. No. 99-247.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] Again, however, the board in question may be one that is subject to other specific statutes, the provisions of which could bear upon this question.
[2] See Footnote 1, supra.